IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BOBBY RAY McCARTY,                    )
                                      )
            Petitioner,               )
                                      )
vs.                                   )        Case No. 02-CV-491-TCK-PJC
                                      )
LENORA JORDAN, Warden,                )
                                      )
            Respondent.               )

## OPINION AND ORDER

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. #

1).  Petitioner also filed a brief in support of his petition (Dkt. # 7).  Petitioner challenges his

conviction entered in Osage County District Court, Case No. CF-2000-65.  Respondent filed a

response (Dkt. # 10) to the petition.  Petitioner filed a reply (Dkt. # 15) to Respondent's response.

For the reasons discussed below, the Court finds the petition shall be denied.

### *BACKGROUND*

On February 16, 2001, Petitioner, represented by attorney Steven G. Venturi, entered pleas

of guilty, in Osage County District Court, Case No. CF-2000-65, to unlawful possession of a firearm

after former conviction of a felony (Count 1) and unlawful possession of marijuana (Count 2).

Petitioner was sentenced to twenty (20) years imprisonment on Count 1 and ten (10) years

imprisonment on Count 2, with the sentences to be served concurrently. He was also fined $500.

Petitioner did not move to withdraw his guilty plea during the ten-day period following

pronouncement of his Judgment and Sentence and did not otherwise perfect a *certiorari* appeal.

On January 7, 2002, Petitioner filed an application for post conviction relief in the state

district court.  In his application, Petitioner raised the following claims:

Proposition 1:  The Petitioner was deprived of effective assistance of counsel in violation of

the Sixth and Fourteenth Amendments to the United States Constitution and the Constitution of the State of Oklahoma.

Proposition 2:  The Petitioner was denied all elements of due process when the State of Oklahoma prohibits any challenge of the prior convictions that was used as the predicate for feloniously possessing a firearm.

Proposition 3:  The Petitioner is actually innocent of the offense of possession of a firearm.

Proposition 4:  The Petitioner's right to substantive due process and procedural due process as well as effective assistance of counsel violated due to the fact that Petitioner was not informed by trial court, trial prosecution or trial counsel that the fact that the substance alleged was marijuana was a fact that increased the minimum and maximum punishment allowable by statute and therefore was an element of the offense which had to be charged in the Information and proved to a jury beyond a reasonable doubt.

Proposition 5:  The Petitioner was not literate enough to understand the proceedings against him and assist in his defense at the time of the Plea and Sentencing hearing.

Proposition 6:  The procedural bar does not apply to this instant application.

See Dkt. # 10, Ex. A.  The request for post-conviction relief was denied by order filed on February 22, 2002 (Dkt. # 10, Ex. C).  Petitioner filed a post-conviction appeal in the Oklahoma Court of Criminal Appeals ("OCCA") in which he raised the same six propositions of error and added a proposition that the district court of Osage County, Oklahoma, committed error by failing to enter a findings of fact and conclusions of law in response to Petitioner's initial application (Dkt. # 10, Ex. D).  By order filed May 29, 2002 (Dkt. # 10, Ex. E), the OCCA affirmed the district court's denial of post-conviction relief.

On June 25, 2002, Petitioner filed his petition for writ of habeas corpus (Dkt. # 1).  In his petition and supporting brief, Petitioner identifies the following grounds for habeas corpus relief:

Proposition 1:  Mr. McCarty was denied effective assistance of counsel in violation of the Sixth and Fourteenth amendments to the United States Constitution and the constitution and laws of the State of Oklahoma.

2

Proposition 2:  Petitioner has been denied all elements of substantive due process when the State of Oklahoma prohibits any challenge on the constitutionality of the prior convictions that was used as the predicate for felonious possession of a firearm.

Proposition 3:  Petitioner is actually innocent of the offense of possession of a firearm, as he had no knowledge of the firearms presence and thus, had no dominion or control of the firearm.

Proposition 4:  Petitioner's right to substantive due process and procedural due process as well as effective assistance of counsel were violated due to the fact that Petitioner was not informed by trial court, trial prosecution or trial counsel that verification that the alleged substance was in fact marijuana was a fact that increased the minimum and maximum punishment allowable by statute and therefore was an element of the offense which had to be charged in the complaint and information and proven to a jury beyond a reasonable doubt.

Proposition 5:  Petitioner was not literate enough to assist in his defense and to understand the adversarial proceedings he was being subjected to.

(Dkt. #s 1 and 7). In response to the petition (Dkt. # 10), Respondent asserts that Petitioner's claims are procedurally barred or, in the alternative, are not exhausted.

## *ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has not satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review because he did not file an application to withdraw his guilty plea in the state courts.  The Court disagrees and finds that Petitioner has exhausted the claims raised in this habeas petition by presenting them in his application for post-conviction relief in the state district court and on post-conviction appeal before the OCCA.

The Court further finds that Petitioner is not entitled to an evidentiary hearing.  See Michael Williams v. Taylor, 529 U.S. 420 (2000).

**B.  Procedural bar**

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court declined to reach the merits of that claim on independent and adequate state procedural grounds, unless a petitioner "demonstrate[s] cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate[s] that failure to consider the claim[] will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

As indicated above, Petitioner presented his claims to the state courts in his application for post-conviction relief. The state district court found that because Petitioner took no steps to perfect a direct appeal he had waived the issues presented. As a result, Petitioner's request for relief was denied. See Dkt. # 10, Ex. C. On post-conviction appeal, the OCCA affirmed the denial of post-conviction relief, finding as follows:

> Judge Pearman found that Petitioner's claims as presented in his post conviction application could have been presented on direct appeal, but were not, and were therefore waived.
>
> We agree. The Post-Conviction Procedure Act is not a substitute for a direct appeal, nor is it intended as a means of providing a Petitioner with a second direct appeal. *Fowler v. State*, 1995 OK CR 29, ¶2, 896 P.2d 566, 569; *Maines v. State*, 1979 OK CR 71, ¶4, 597 P.2d 774. A claim which could have been raised on direct appeal, but was not, is waived. *Fowler*, 1995 OK CR 29 at ¶2, 896 P.2d at 569; *Fox v. State*, 1994 OK CR 52, ¶2, 880 P.2d 383, 384-85; *Johnson v. State*, 1991 OK CR 124, ¶4, 823 P.2d 370, 372, *cert denied*, 504 U.S. 926, 112 S. Ct. 1984, 118 L.Ed.2d 582 (1992). . . . Noting that Petitioner had not filed a direct appeal or attempted to withdraw his plea, the District Court properly found that Petitioner had waived his right to appeal the issues he now claims constituted error. Petitioner presents this

4

> Court with no reason why he failed to timely seek to withdraw his pleas or to appeal his convictions in the above-referenced matter. We find nothing in the record submitted with Petitioner's application to support his claim that he is entitled to relief.

See Dkt. # 10, Ex. E at 2-3.  Based on that language, it is clear that the OCCA applied a procedural bar in affirming the denial of post-conviction relief.

Respondent contends that this Court should uphold the procedural bar imposed by the state courts. With the exception of the ineffective assistance of counsel claim (discussed in Part C, below), the Court agrees with Respondent that Petitioner's claims are procedurally barred. The OCCA's procedural bar was an "independent" state ground because Petitioner's failure to comply with state procedures "was the exclusive basis for the state court's holding." Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995). As to all claims except the ineffective assistance of counsel claim, the Court also finds that the bar imposed by the OCCA on Petitioner's claims was based on state law grounds adequate to preclude federal review. See Cannon v. Gibson, 259 F.3d 1253, 1269 (10th Cir. 2001).

As a result of the procedural bar, this Court may not consider Petitioner's defaulted claims unless Petitioner is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claims are not considered. See Coleman v. Thompson, 501 U.S. 722, 750 (1991); Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded . . . efforts to comply with the state procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986).  Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials.  Id.  As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152,

5

168 (1982).  A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of  the crime of which he was convicted. See Murray v. Carrier, 477 U.S. 478, 495-96 (1986); McCleskey v. Zant, 499 U.S. 467, 494 (1991).

Petitioner appears to assess the blame for his procedural default on his trial attorney. The argument is buried within his first claim of ineffective assistance of counsel. In his petition, Petitioner directs the Court to the arguments contained in the brief supporting his application for post conviction relief found as attachment "L" to the appendix (Dkt. # 2) to support his ineffective assistance of counsel claim. Among the list of complaints about his trial counsel delineated in the brief, Petitioner states that his attorney abandoned him "during those ten (10) days directly after entering of the plea, where the Sixth Amendment right to effective assistance extends." See Dkt. # 2, Ex. L at 14.   Although the OCCA indicated that Petitioner offered no excuse for his failure to file an appeal, the Court finds that the above statement is Petitioner's effort to explain his failure to file a timely withdrawal of plea or appeal. Nonetheless, the Court finds that the argument is without merit. The record reflects that Petitioner acknowledged at his plea hearing that he understood his rights to an appeal (Dkt. # 2, Ex. E at 99). Furthermore, the "Plea of Guilty - Summary of Facts" entered in his state court proceedings was signed by Petitioner directly below the lengthy paragraph describing Petitioner's rights to appeal his plea and notifying him that he must file a written application to withdraw his plea withing ten (10) days. Id.

According to the Supreme Court, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing."

Roe v. Flores-Ortega, 528 U.S. 470, 480 (2000). Although Petitioner indicates his attorney abandoned him, he does not state that he asked his attorney to file a motion to withdraw plea or an appeal for him. In fact, Petitioner circled "No" to the question on the plea form which asked if he wanted to remain in the county jail for a period of ten (10) days before being taken to the place of confinement (Dkt. # 2, Ex. L at 99). The record reflects that Petitioner was fully and correctly advised of his rights to appeal. See id.

The Tenth Circuit Court of Appeals has determined that where a defendant is convicted on a plea of guilty and does not indicate to his attorney an intention to appeal, "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea. Failure to notify the defendant of this limited right is not in itself ineffective assistance." Laycock v. New Mexico, 880 F.2d 1184, 1187-88 (10th Cir. 1989) (citations omitted). Counsel has a duty to inform the defendant of the limited right to appeal from a guilty plea only "if the defendant inquires about an appeal right," or "[i]f a claim of error is made on constitutional grounds, which could result in setting aside the plea." Id. at 1188; see also Hardiman v. Reynolds, 971 F.2d 500, 506 (10th Cir. 1992) (stating that counsel has a duty to inform the defendant of his appeal rights based on error of constitutional magnitude if "counsel either knows or should have learned of his client's claim or of the relevant facts giving rise to the that claim").

In support of his claim that his attorney abandoned him in violation of his right to the effective assistance of counsel, Petitioner cites Baker v. Kaiser, 929 F.2d 1495 (10th Cir. 1991). See Dkt. # 2, Ex. L at 14. However, the Court finds Petitioner's reliance is misplaced. Baker involved trial counsel's obligations following a conviction by a jury, and for that reason, the Baker case is easily distinguishable from the facts at hand. In Baker, the defendant, acting on his own behalf,

advised the trial judge at the sentencing hearing that he wanted a copy of his transcript. At the same hearing, Baker's trial attorney asked to withdraw and have the Court appoint the public defender's office to  appeal the matter. The judge granted both Mr. Baker's request for a transcript and his attorney's request to withdraw. Baker, 929 F.2d at 1497. It was clear that Mr. Baker intended to appeal his conviction. Nonetheless, Mr. Baker was not contacted by an attorney from the public defender's office within the ten days and was not provided the transcript at public expense that he had been told he could have. Id.

Contrary to the facts in Baker, Petitioner in this case entered a plea of guilty and the record is void of any evidence that Petitioner intended to appeal his guilty plea until he filed an application for post-conviction relief approximately eleven (11) months after entry of his plea and judgment and sentence.  The record demonstrates that, despite being informed by the trial court of his right to appeal and the procedures to follow to perfect an appeal, Petitioner failed to file an application to withdraw his plea or to perfect a *certiorari* appeal following his conviction on his guilty plea. Petitioner presents nothing to indicate that his attorney had any reason to know of an error of constitutional magnitude or that Petitioner desired to withdraw his plea.  As a result, the Court finds that Petitioner has failed to establish cause for his procedural default through his unsupported claim that his attorney abandoned him.

Petitioner's only other means of gaining federal habeas review of his defaulted claims is a claim of actual innocence under the fundamental miscarriage of justice exception.  Herrera v. Collins, 506 U.S. 390, 403-404 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-341 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995).  To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera,

8

506 U.S. at 404).  In his pleadings, Petitioner asserts that he is actually innocent of the possession of a firearm conviction because there was no proof that he had knowledge of the presence of the firearm found in the vehicle he was driving at the time of his arrest.  See, e.g., Dkt. # 7 at 18.  That claim, however, goes to legal innocence and does not go to factual innocence.  In addition, Petitioner presents no new evidence supporting a claim of actual innocence.  As a result, the Court concludes that Petitioner does not fall within the fundamental miscarriage of justice exception. Beavers, 216 F.3d at 923.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result, the Court concludes that it is procedurally barred from considering the merits of Petitioner's claims.  Coleman v. Thompson, 510 U.S. 722, 724 (1991). Petitioner's claim 2, 3, 4, and 5 shall be denied as procedurally barred.

## C.  Ineffective assistance of counsel claim lacks merit

As his first proposition of error, Petitioner claims that he received ineffective assistance of counsel.  See Dkt. #s 1 and 7.  The Court declines to apply a procedural bar to this claim and will review the claim on the merits.  See Miller v. Champion, 161 F.3d 1249, 1252 (10th Cir. 1998); English v. Cody, 146 F.3d 1257, 1263-64 (10th Cir. 1998).  Significantly, in accepting Petitioner's guilty pleas, the state district court made numerous findings of fact.  See Dkt. # 2, attachment E, ¶ 32.  The habeas corpus statute provides that the "determination of a factual issue made by a State court shall be presumed to be correct.  The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

In his supporting brief, Petitioner asserts that he received ineffective assistance of counsel as follows:

a.    Trial counsel waived Preliminary Hearing;

b.    Trial counsel asserted no theory of defense supporting the actual innocence of Petitioner with scientific fingerprint analysis of the firearm or the bullets;

c.    Trial counsel never inquired as to Petitioner's level of literacy or his ability to read and comprehend the complex proceedings and documents;

d.    Trial counsel failed to conduct any investigation as to witness testimony in support of a theory of actual, factual innocence;

e.    Trial counsel failed to move for discovery as to the weight and content of the alleged marijuana;

f.    Trial counsel failed to challenge the veracity of the January 18, 2001, Supplemental Information enhancing the drug offense from a misdemeanor to a felony.

(Dkt. # 7 at 8).

In connection with claims of ineffective assistance which are unrelated to failure to file a motion to withdraw guilty plea and to the filing of an appeal, a defendant generally waives all objections of a constitutional nature when he knowingly and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). "It is beyond dispute that a guilty plea must be both knowing and voluntary. 'The standard was and remains whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.' " Parke v. Raley, 506 U.S. 20, 28-29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970) (other citations omitted)).

10

In considering a habeas petition, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." <u>United States v. Broce</u>, 488 U.S. 563, 569 (1989).  Accordingly, only those ineffective assistance claims that would render a petitioner's plea involuntary would remain after a guilty plea.

In the instant case, the only ineffective assistance of counsel claim presented by Petitioner that could relate to the voluntariness of his guilty plea is his claim that trial counsel never inquired as to his level of literacy or his ability to read and comprehend the complex proceedings and documents. However, the record refutes Petitioner's claim.  At the time Petitioner's guilty plea was accepted by the trial court, Petitioner signed, under oath, a document entitled "Plea of Guilty Summary of Facts" reflecting the counseled and voluntary entry of a plea of guilty (Dkt. # 2, attachment E).[1]  That document refutes Petitioner's claim concerning his literacy and his alleged inability to read and comprehend the complex proceedings and documents.  In completing the document, Petitioner responded "Yes" when asked, "Can you read and understand this form?"  <u>See</u> Dkt. # 2, attachment E, ¶ 4. He circled "Yes" in response to the question, "Do you understand the nature and consequences of this proceeding?" <u>See</u> <u>id.</u>, ¶ 8.  Petitioner swore under oath that the statements were true and correct.  <u>See</u> <u>id.</u>, ¶ 28.  The state court made a factual determination that Petitioner understood the nature, purpose and consequences of the proceeding.  <u>Id.</u>, ¶ 32(B). Furthermore, in providing the factual basis for his plea of guilty, Petitioner agreed with the statement, "On CF-2000-65, I possessed a firearm while have (sic) a felony record and I possessed marihuana.  On CF-2000-259, I possessed a controle (sic) dangerous substance."  <u>See</u> Dkt. # 2,

_____

[1]Reliance upon a form reflecting questions and answers is sufficient to establish whether the entry of a plea of guilty is knowing and voluntary.  <u>Hoffman v. Young</u>, 23 Fed. Appx. 885, 887 (10th Cir. Oct. 12, 2001) (unpublished opinion cited pursuant to Tenth Circuit Rule 36.3).

attachment E, ¶ 24.  Based on those statements, the state district court determined that a factual basis for the plea existed.  Id., ¶ 32(E).  As discussed above, that finding of fact is presumed correct unless Petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).  Petitioner has failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court's finding of fact.  28 U.S.C. § 2254(e)(1).

Petitioner has made no showing that his guilty plea was other than voluntary and counseled. Therefore, he waived the remainder of his ineffective assistance of counsel claims upon entry of his pleas of guilty.  The Court concludes that Petitioner has failed to establish that he was afforded ineffective assistance from his attorney when he entered his guilty pleas.  His request for habeas corpus relief based on ineffective assistance of counsel shall be denied.

## CONCLUSION

After careful review of the record and arguments of the parties in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.  Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED** that the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate Judgment shall be entered in this case.

SO ORDERED THIS 7th day of June, 2006.

_____
TERENCE KERN
UNITED STATES DISTRICT JUDGE